UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES WOLF and DON ALLEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MONSTER CHEF INC. d/b/a VINES GRILLE & WINE BAR and DIMITRIOS KARABINIS,<br><br>Defendants. | Civil Action No. |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs James Wolf and Don Allen bring this collective action complaint on behalf of themselves individually and others similarly situated to recover unpaid minimum wages and other damages under federal law from Defendants Monster Chef Inc. d/b/a Vines Grille & Wine Bar and Dimitrios Karabinis (collectively, "Defendants").

## I. INTRODUCTION

1. This is a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover unpaid minimum wages on behalf of wait staff employees who have worked for Defendants at their Vines Grille & Wine Bar restaurant in Orlando, Florida.

2. Under Section 203(m) of the FLSA, an employer may use a portion of its tipped employees' earned tips (not to exceed $3.02 per hour) to meet its minimum wage obligations ("tip credit") *if* (1) it provides its tipped employees with notice of the tip credit provisions of the FLSA in advance (including notifying them of the applicable tipped minimum wage and the applicable tip credit, *inter alia*) and (2) tipped employees are permitted to retain *all* tips they

receive with exception of a valid tip pool among employees who customarily and regularly receive tips. If an employer fails to meet either requirement, the employer may not use the tip credit and must directly pay its employees the full minimum wage for all hours worked.

3. The term "wait staff employees," as used herein, refers to employees of Defendants who serve beverages and/or food directly to customers, who have been paid less than minimum wage, and who pay a portion of their tips to non-wait staff who are not entitled to share in tips, including management and/or band performers.

4. Pursuant to Section 216(b) of the FLSA, Named Plaintiffs James Wolf and Don Allen bring this collective action on behalf of themselves individually and all similarly situated persons employed by Defendants as wait staff employees at Defendants' restaurant Vines Grille & Wine Bar located in Orlando, Florida during the Relevant Time Period (three years prior to the date of filing this Complaint until trial). The Named Plaintiffs seek on behalf of themselves and other similarly situated employees unpaid minimum wages of which they were deprived, an equal amount of liquidated damages, compensatory damages in the amount of the portions of tips that wait staff employees paid to non-wait staff, reasonable attorneys' fees and costs, and all other relief that the Court deems appropriate.

## II. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have asserted a claim pursuant to the FLSA.

6. Venue is proper in this Court because Defendants operate and/or reside in this District and has substantial contacts with this District.

## III. PARTIES

7. Plaintiff James Wolf ("Wolf") is an adult resident of Orlando, Florida. Wolf was an employee employed by the Defendants within the meaning of Section 203(e) of the FLSA. From approximately March 2014 to May 2015, Wolf worked for Defendants as a wait staff employee at Vines Grille & Wine Bar. As a wait staff employee, Wolf was paid a direct hourly wage that was less than the minimum wage required under federal law, and he was required to pay portions of his tips to management and/or band performers, who are not customarily and regularly tipped employees that can be included in a valid tip pool. Additionally, he was not informed by Defendants of the tip credit provisions of the FLSA in advance of Defendants taking the tip credit.

8. Plaintiff Don Allen ("Allen") is an adult resident of Goldsboro, North Carolina. Allen was an employee employed by the Defendants within the meaning of Section 203(e) of the FLSA. From approximately 2007 to July 2012 and February 2014 to July 2015, Allen worked for Defendants as a wait staff employee at Vines Grille & Wine Bar. As a wait staff employee, Allen was paid a direct hourly wage that was less than the minimum wage required under federal law, and he was required to pay portions of his tips to management and/or band performers, who are not customarily and regularly tipped employees. Additionally, he was not informed by Defendants of the tip credit provisions of the FLSA in advance of Defendants taking the tip credit.

9. Defendants Vines Grille & Wine Bar and Dimitrios Karabinis employed Plaintiff Wolf, Allen and the putative class members within the meaning of Section 203 (d) and (g) of the FLSA.

10. Defendants have jointly owned and/or operated Vines Grille & Wine Bar during the Relevant Time Period.

11. During the Relevant Time Period, Defendants have set policies and working conditions for wait staff employees and other hourly employees at Vines Grille & Wine Bar for matters related to their pay, job duties, schedules, grooming, hiring, firing, and discipline and rules of conduct.

12. During the Relevant Time Period, Defendants have been an “enterprise engaged in commerce or the production of goods for commerce” within the meaning of the FLSA, 29 U.S.C. § 203(s).

13. During the Relevant Time Period, Defendants have employed two or more persons, including Plaintiffs, “engaged in commerce or in the production of goods for commerce,” or has “had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person,” as defined in § 203(s)(1)(A)(i).

14. During the Relevant Time Period, Defendant Dimitrios Karabinis has been directly or indirectly responsible for the day-to-day management and/or operations of Vines Grille & Wine Bar and has been directly or indirectly responsible for setting the pay policies and wages for all employees, including all wait staff employees.

15. During the Relevant Time Period, Defendants have achieved annual gross sales made or business done in excess of $500,000.00 in accordance with § 203(s)(1)A)(ii).

## IV. <u>FACTUAL ALLEGATIONS</u>

16. During the Relevant Time Period, Defendants have utilized the tip credit to pay wait staff employees an hourly wage rate that is less than the minimum wage required under

federal law even though wait staff employees do not retain all of their tips and are required to share tips with management and/or band performers who are not customarily and regularly tipped employees, and are not engaged in service to customers.

17. During the Relevant Time Period, Plaintiffs and other wait staff employees who worked at Vines Grille & Wine Bar have not retained all their tips received from customers. Instead, wait staff employees are required to pay a portion of their tips to management and/or band performers who are not customarily and regularly tipped employees whose primary job is to serve beverages and/or food to customers and to interact with customers.

18. Despite the fact that management and/or band performers are not customarily and regularly tipped employees, wait staff employees are required to pay a portion of their tips to management and/or band performers.

19. This tip-sharing described above has not been free from coercion, has not been outside of any formalized arrangement, and/or has been a condition of the wait staff employees' employment.

20. During the Relevant Time Period, Defendants have not been entitled to take the tip credit because Plaintiffs and other wait staff employees at Vines Grille & Wine Bar have not retained all their tips and have been required to pay a portion of their tips to management and/or band performers who are not customarily and regularly tipped employees.

21. Defendants have paid Plaintiffs and other similarly situated wait staff employees an hourly rate that is less than the federal minimum wage even though Defendants have failed to inform Plaintiffs and other wait staff employees of the tip credit provisions of the FLSA in advance of taking the tip credit, as required by 29 U.S.C. § 203(m).

22. During the Relevant Time Period, Defendants have failed to inform Plaintiffs and other wait staff employees of the tip credit provisions of the FLSA in advance of taking the tip credit, as required by 29 U.S.C. § 203(m).

23. The information that Defendants have provided to wait staff employees about the tip credit provisions of the FLSA has been insufficient to satisfy the statutory and regulatory requirements.

24. For example, Defendants have not provided timely, accurate, complete, and updated information to wait staff employees about the amount of the cash wage being paid to those employees and the additional amount by which the wages of those employees have been increased because of the tip credit claimed by Defendants, as required by 29 C.F.R. § 531.59.

25. Because of Defendants' failure to inform wait staff employees of the tip credit provisions of the FLSA in advance of taking the tip credit, Defendants have failed to satisfy the requirements of 29 U.S.C. § 203(m) during the Relevant Time Period and are not eligible to take the tip credit. As a result, Defendants are required to pay wait staff employees the full minimum wage pursuant to Article X, Section 24 of the Florida Constitution.

26. During the Relevant Time Period, Defendants have not been entitled to take the tip credit because Defendants have not properly informed Plaintiffs and other wait staff employees of the tip credit provisions of the FLSA in advance of Defendants taking the tip credit.

27. During the Relevant Time Period, Defendants have willfully engaged in practices that denied Plaintiffs and other wait staff employees at Vines Grille & Wine Bar minimum wages and tips under federal law.

28. Because during the Relevant Time Period other wait staff employees at Vines Grille & Wine Bar have been subjected to the same wrongful pay practices and policies, described herein, Plaintiffs seek to bring this action as a class action.

## V. COLLECTIVE ACTION ALLEGATIONS

29. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring their FLSA claim on behalf of all similarly situated individuals who have worked as wait staff employees at Defendants' restaurant Vines Grille & Wine Bar located in Orlando, Florida during the Relevant Liability Period, and who may choose to "opt in" to this case under the FLSA, 29 U.S.C. § 216(b).

30. The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

31. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

32. All potential opt-in plaintiffs are similarly situated as to the claims alleged in this Complaint because they were all employed as wait staff employees in Defendants' restaurant Vines Grille & Wine Bar located in Orlando, Florida and were all subject to Defendants' policy of requiring wait staff employees to share tips with management and/or band performers.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

33. Pursuant to 29 U.S.C. 216(b), Plaintiffs James Wolf and Don Allen consent to sue as plaintiffs under the Fair Labor Standards Act. A copy of their consent to sue forms are attached hereto as Exhibit "A".

## COUNT I – FAIR LABOR STANDARDS ACT

34. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 32 as if alleged fully herein.

35. During the Relevant Time Period, Defendants have willfully violated the FLSA, 29 U.S.C. § 201, *et seq*. by failing to pay wait staff employees at Vines Grille & Wine Bar the minimum wage required by federal law by claiming the "tip credit" for which they are not eligible. This claim is brought on behalf of similarly situated individuals pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Conditional certification of this case pursuant to the FLSA, 29 U.S.C. § 216(b);

b. Authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b);

c. An award of all damages for unpaid wages and compensation that are due to the named Plaintiffs and all similarly situated employees under the FLSA;

d. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

e. A finding that Defendants' violations of the FLSA have been willful and that, therefore, the statute of limitations is three years;

f. Attorneys' fees and costs;

g. Post-judgment interest; and

h. An award of such other and further relief as this Court may deem appropriate.

Dated: December 2, 2016

*/s/ Tamra Givens*

Sam J. Smith
Florida Bar No. 818593
Loren B. Donnell
Florida Bar No. 013429
Tamra Givens
Florida Bar No. 657638
BURR & SMITH, LLP
111 2nd Avenue N.E., Suite 1100
St. Petersburg, FL 33701
(813) 253-2010

ssmith@burrandsmithlaw.com
ldonnell@burrandsmith.com
tgivens@burrandsmithlaw.com

*Attorneys for Plaintiffs*

# EXHIBIT A

# CONSENT TO JOIN FORM

1. I, James Wolf, consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), Monster Chef Inc. d/b/a Vines Grille & Wine Bar and/or related entities and individuals, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate Burr & Smith, LLP to represent me in this action, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

James Wolf
Signature

James Wolf
Print Name

## CONSENT TO JOIN FORM

1. I, Don Allen, consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), Monster Chef Inc. d/b/a Vines Grille & Wine Bar and/or related entities and individuals, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate Burr & Smith, LLP to represent me in this action, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

__________________________
Signature

DONALD C ALLEN
Print Name